**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RUBEN GUZMAN PEREZ; MARTHA LOMELI BARBA, | No. 09-73831 |
| Petitioners, | Agency Nos. A095-304-136 |
|  | A095-304-137 |
| v. |  |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012 **

Before:   LEAVY, PAEZ, and BEA, Circuit Judges.

Ruben Guzman Perez and Martha Lomeli Barba, natives and citizens of

Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's denial of their oral

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motions to continue proceedings, reopen proceedings based on new evidence, and administratively close proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and review de novo claims of due process, *Morales Apolinar v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying petitioners' motion for a continuance where petitioners failed to show good cause. *See Ahmed*, 569 F.3d at 1012; 8 C.F.R. § 1003.29.

Because petitioners did not describe or submit any evidence of new hardship with their motion to reopen, the motion concerned the same basic hardship grounds as their original application for cancellation of removal. We therefore lack jurisdiction to review the agency's determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 601-03 (9th Cir. 2006) (if the agency "determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

We also lack jurisdiction to review the agency's decision not to administratively close proceedings. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1115 (9th Cir. 2009).

It follows that the BIA did not violate petitioners' due process rights by denying the motions. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**